UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GAYE N. SCOTT o/b/o
JEREMIAH DARNELL WILLIAM SCOTT

CIVIL ACTION

VERSUS

NO. 17-493-SDD-EWD

NANCY A. BERRYHILL

**NOTICE**

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on June 22, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

1

Certified No.: 7004 1160 0003 2648 7052

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GAYE N. SCOTT o/b/o
JEREMIAH DARNELL WILLIAM SCOTT

CIVIL ACTION

VERSUS

NO. 17-493-SDD-EWD

NANCY A. BERRYHILL

## RECOMMENDATION TO DISMISS WITHOUT PREJUDICE

On July 28, 2017, plaintiff, proceeding *pro se* on behalf of her minor son ("Plaintiff"), filed a Complaint for Review of a Social Security Disability or Supplemental Security Income Decision (the "Complaint").[1]

On September 27, 2017, this court ordered Plaintiff to either pay the $400 filing fee or file a motion to proceed *in forma pauperis* ("IFP") within twenty-one days.[2]  The September 2017 order was sent to Plaintiff via certified mail to the address listed on PACER (the same address that is listed by Plaintiff in the Complaint); however, a return receipt was never received and USPS tracking information indicated that the mailing was still in transit in April 2018.

On May 4, 2018, this Court ordered Plaintiff to either pay the $400.00 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) within twenty-one (21) days.[3]  The court advised Plaintiff that failure to comply with the May 4, 2018 Order could result in a recommendation of dismissal of this matter without further notice.  A copy of the May 4, 2018 Order was sent to Plaintiff at the address listed on PACER via certified mail,

---

[1] R. Doc. 1.

[2] R. Doc. 4.

[3] R. Doc. 7.  The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) was attached to the May 4, 2018 Order.

return receipt requested and by regular mail. Plaintiff signed the certified mail return receipt, and the signed receipt was filed into the record on May 7, 2018.[4]

Despite receipt of the May 4, 2018 order, Plaintiff failed to pay the filing fee and failed to file a motion to proceed IFP. On May 31, 2018, the undersigned issued an Order requiring Plaintiff to personally appear on June 22, 2018 and show cause why sanctions should not be imposed for failure to comply with a court order.[5] Alternatively, the May 31, 2018 Order provided that Plaintiff could either pay the filing fee in the amount of $400.00 or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) by no later than 12:00 p.m. on June 20, 2018.[6] The May 31, 2018 Order provided that: "Failure to timely comply with this Order could result in a recommendation of dismissal of this matter without further notice."[7] The certified mail return receipt for the May 31, 2018 Order was filed into the record on June 12, 2018 and indicates that the mailing was "refused."[8] Plaintiff did not appear for the June 22, 2018 hearing, has not paid the filing fee, and has not filed a motion to proceed IFP.

A district court may dismiss an action for failure to prosecute with or without notice to the parties, incident to its inherent powers.[9] Pursuant to this court's local rules, a civil action may be dismissed for lack of prosecution "[w]here a cause has been pending six months without proceedings being taken with such period."[10] The rule additionally provides, in part, that "[p]rior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen

---

[4] R. Doc. 8.

[5] R. Doc. 9.

[6] R. Doc. 9.

[7] R. Doc. 9.

[8] R. Doc. 10.

[9] *Rogers v. Kroger Co*., 669 F.2d 317, 319-20 (5th Cir. 1982).

[10] Local Civil Rule 41(b)(1)(C).

calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act.  If no response is received within the allotted time, the Court may dismiss the civil action."[11]  Dismissal pursuant to the rule is required to be without prejudice, and the Order of Dismissal must "allow for reinstatement of the action within thirty days for good cause shown."[12]

No action has been taken by Plaintiff in this matter since the filing of the Complaint in July 2017 and Plaintiff has repeatedly refused to comply with the court's orders (and now, appears to have refused to even receive the court's most recent order).  In light of Plaintiff's failure to pay the filing fee, failure to file a motion to proceed IFP, and failure to appear for the June 22, 2018 hearing, the undersigned **RECOMMENDS** that the District Judge in this matter issue an Order of Dismissal Pursuant to Local Rule 41 for Failure to Prosecute.

The undersigned further **RECOMMENDS** that the Order of Dismissal provide, pursuant to Local Civil Rule 41(b)(3), that reinstatement of this action within thirty days shall be permitted upon a showing of good cause by the Plaintiff.

**IT IS ORDERED** that the Clerk of Court send, via certified mail return receipt requested, and regular mail, a copy of this Order to Plaintiff at the address listed on PACER.

Signed in Baton Rouge, Louisiana, on June 22, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Local Civil Rule 41(b)(2).

[12] Local Civil Rule 41(b)(3).